IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| HENRY STILL, ) | |
| AIS #215251, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:10-CV-519-WHA |
| ) | [WO] |
| ) | |
| LOUIS BOYD, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is pending before the court on a 42 U.S.C. § 1983 complaint filed by Henry Still ["Still"], a state inmate, on June 16, 2010. In this complaint, Still alleges he is improperly classified as a restricted offender and challenges the conditions of confinement at the Easterling Correctional Facility.

Pursuant to the orders of this court, the defendants filed a written report supported by relevant evidentiary materials in which they addressed the claims for relief presented by Still. The report and evidentiary materials refute the self-serving, conclusory allegations presented by Still in the complaint. Specifically, these documents demonstrate Still's classification as a restricted offender is appropriate and based solely on the nature of his offense. The evidentiary materials likewise indicate the conditions about which Still complains have not deprived him of any constitutionally protected right. *Rhodes v.*

*Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399 (1981) (Only denial of "the minimal civilized measure of life's necessities" are grave enough to violate the Eighth Amendment.); *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004). ("'[T]he Constitution does not mandate comfortable prisons.' [*Rhodes*,] at 349, 101 S.Ct. at 2400. If prison conditions are merely 'restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society.' *Id.* at 347, 101 S.Ct. at 2399. Generally speaking, prison conditions rise to the level of an Eighth Amendment violation only when they 'involve the wanton and unnecessary infliction of pain.' *Id.*").

In light of the foregoing, the court issued an order directing Still to file a response to the defendants' written report. *Order of August 20, 2010 - Doc. No. 15*. The order advised Still that his failure to respond to the report would be treated by the court "**as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action**." *Id*. at 1 (emphasis in original). Additionally, the order "**specifically cautioned [the plaintiff] that [his failure] to file a response in compliance with the directives of this order**" would result in the dismissal of this civil action. *Id*. The time allotted Still for filing a response in compliance with the directives of this order expired on September 20, 2010. As of the present date, Still has failed to file a requisite response in opposition to the defendants' written report. The court therefore concludes this case should be dismissed.

The court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate. After such review, it is clear dismissal of this case is the proper course of action. Still is an indigent inmate. Thus, the imposition of monetary or other punitive sanctions against him would be ineffectual. In addition, Still's actions indicate a loss of interest in the continued prosecution of this case. Finally, Still has exhibited a lack of deference for this court and its authority as he has failed to comply with the directives of the orders entered in this case. It is therefore apparent that any additional effort by this court to secure his compliance would be unavailing. Consequently, the court concludes that the plaintiff's abandonment of his claims, his failure to comply with the orders of this court and his failure to properly continue prosecution of this cause of action warrant dismissal of this case.

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice. It is further

ORDERED that **on or before April 3, 2012**, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 20th day of March, 2012.

        /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE